NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| VICTOR GONZALEZ,<br><br>    Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al*,<br><br>    Respondents | **Civil Action No. 17-5516(RMB)**<br><br><br>**OPINION** |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable here under Rule 1, scope of the rules,

> the clerk must promptly forward the petition to a judge … and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons discussed below, the Court lacks jurisdiction over the petition and will transfer the matter to the United States District Court, Northern District of Illinois.

Petitioner, presently confined in the United States Penitentiary Thomson, in Thomson, Illinois, seeks to challenge his conviction and sentence imposed in March 1997, in the United States District Court, District of New Jersey. (Pet., ECF No. 1, ¶¶1-4.) Petitioner asserts jurisdiction under 28 U.S.C. § 2241, pursuant to the savings clause of 28 U.S.C. 2255(e). (Pet., ECF No. 1 at 13-14.)

"[T]he general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). When Petitioner filed the present petition on July 28, 2017, he was incarcerated in the United States Penitentiary Canaan in Waymart, Pennsylvania, within the Middle District of Pennsylvania. (ECF No. 1-3.) He is now incarcerated in Thomson, Illinois, within the Northern District of Illinois. This Court lacks jurisdiction over the petition but will transfer the petition to Petitioner's current district of confinement. See 28 U.S.C. § 1631 (transfer of civil action to cure want of jurisdiction).

An appropriate Order follows.

Date: **December 3, 2019**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**